Plaintiff moves for summary judgment on the pleadings to recover the amount of $22,690,625, plus 5 percent simple interest on principal of $3,610,681, from April 16, 1981, to date of payment to plaintiff. Defendant’s response to the motion states:
Defendant does not oppose plaintiffs motion for summary judgment. This is because plaintiffs application of the Uintah formula to this case effectively gives the defendant credit for the $2,169,169 judgment paid in 1931 and the $2,753,924 in offsets allowed by the Court of Claims in 1930.
This action arose as a claim for just compensation under the Fifth Amendment to the United States Constitution for lands belonging to plaintiff tribe which were taken by defendant without tribal consent and without payment to the tribe of damages for delay in payment. Suit was brought pursuant to a special jurisdictional act, Pub. L. No. 96-404, 94 Stat. 1711 (1980), reprinted in [1980] 1 U.S. Code Cong. & Ad. News, 96th Cong., 2d Sess., and in the preliminary pages of Court of Claims Volume 225. A petition was filed February 3, 1981. Defendant’s answer to the petition conceded liability but raised issues about the computation of damages which have now been resolved.
The only issue submitted to the court pertains to computation of damages in light of (1) a partial payment made pursuant to the court’s determination in Fort Berthold Indians v. United States, 71 Ct. Cl. 308 (1930), and (2) the jurisdictional statute which laid down standards for the computation of damages should the court find liability. Section 2 of the statute provided that should the court determine plaintiff is entitled to just compensation it should enter an award computed on the basis of "established judicial precedent.” The Senate committee report identified Uintah & White River Bands of Ute Indians v. United States, 139 Ct. Cl. 1, 152 F.Supp. 953 (1957), as stating the proper formula to be used. Upon independent consideration of the suggestion, we reaffirm our precedent.
*839 it is therefore ordered, upon consideration of the motion for summary judgment and defendant’s agreement with it, that the motion be and it is hereby granted. Judgment is entered in plaintiffs favor in the amount of $22,690,625, plus 5 percent simple interest on principal of $3,610,681, from April 16, 1981, to date of payment to plaintiff.